NO. 16-4035

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

**JOHN LEGRAND,**
**Appellant,**

v.

**UNITED STATES OF AMERICA,**
**Appellee,**

---

APPEAL FROM
THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION NO. 3:12-CV-0743

---

## BRIEF OF APPELLANT, JOHN LEGRAND

Stephen M. Greecher, Jr., Esq.
Kevin L. Hall, Esq.
**TUCKER ARENSBERG, P.C.**
2 Lemoyne Dr., Ste. 200
Lemoyne, PA 17043
Telephone:  (717) 234-4121
Facsimile:  (717) 232-6802
sgreecher@tuckerlaw.com
khall@tuckerlaw.com
*Attorneys for Appellant*

# **TABLE OF CONTENTS**

I. JURISDICTIONAL STATEMENT                                     1

II. STATEMENT OF ISSUES                                         2

III. RELATED CASES AND PROCEEDINGS                             3

IV. STATEMENT OF THE CASE                                      4

V. STATEMENT OF FACTS                                          5

VI. SUMMARY OF ARGUMENT                                        6

VII. ARGUMENT                                                  9
    A. The District Court erred in failing to award damages to Mr.
Legrand for emotional distress and anguish he has endured as a
result of his fear that the abdominal symptoms and acid reflux
he had were the result of a permanent injury arising from actual
Salmonella poisoning.                                          9

    B. The District Court's verdict and award of damages was
inadequate.                                                   13

VIII. CONCLUSION                                               16

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir.1992)    9

*Toeny v. Chester County Hosp.*, 961 A.2d 192 (Pa. Super 2008)    10

*Doe v. Philadelphia Community Health Alternatives Aids Task Force*,
745 A.2d 25 (Pa. Super 2000)    10

*Lubowitz v. Albert Einstein Med. Ctr.*, N. Div., 424 Pa. Super. 468, 623
A.2d 3 (1993).    10,11

*Murphy v. Abbott Lab.*, 930 F. Supp. 1083 (E.D. Pa. 1996)    11

*Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991)    13

*Williams v. Martin Marietta Alumina, Inc.*, 817 F.2d 1030 (3d Cir.
1987)    13

*Mainelli v. Haberstroh,* 237 F. Supp. 190 (M.D. Pa. 1964))    13

*Hill v. Commonwealth, Bureau of Corr.,* 124 Pa. Commw. 172, 555
A.2d 1362 (1989)    13

*See Pryer v. C.O.* 3 Slavic, 251 F.3d 448 (3d Cir. 2001)    14

## Statutes/Rules

28 U.S.C. § 1291                                                              1

28 U.S.C. § 1346(B)                                                         1,4

## I.   JURISDICTIONAL STATEMENT

Appellant appeals the final judgment entered by the District Court on September 6, 2016 that disposed of all parties' claims. (A3.) Appellant filed a Notice of Appeal in the District Court on November 2, 2016. (A1.)

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1346(B). (A4.)  The District Court's award of judgment in favor of Appellant and against Appellee constituted a final order. Thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II.    <u>STATEMENT OF THE ISSUES</u>

A.    Whether the District Court erred in failing to award damages to Mr. Legrand for emotional distress and anguish he has endured as a result of his fear that the abdominal symptoms and acid reflux he had were the result of a permanent injury arising from actual Salmonella poisoning?

**Suggested Answer:**    Yes.

Preserved for review: (A15, 109-115)

B.    Whether the District Court's verdict and award of damages was inadequate?

**Suggested Answer:**    Yes.

Preserved for review: (A1-3.)

2

## III.    <u>RELATED CASES AND PROCEEDINGS</u>

The only proceeding before the District Court was assigned to Docket No. 3:12-CV-0743. This appeal relates to the judgment entered by the District Court following a non-jury trial. No cross appeal has been filed.

## IV.   **STATEMENT OF THE CASE**

This case was brought pursuant to the Federal Tort Claims Act. 28 U.S.C. §1346(b)(1) for injuries suffered by Appellant Mr. Legrand while he was incarcerated at USP Canaan in Waymart, Pennsylvania. (A4.) On June 25, 2011, Mr. LeGrand was served and consumed salmonella tainted chicken fajitas at the main line noon meal. (A5.) After he consumed the salmonella tainted chicken fajitas, Mr. LeGrand became ill with his symptoms increasing in severity. (A5.)

Appellee, United States of America, did not contest liability for serving the salmonella tainted fajitas. (A4.)  Appellee, United States of America, also did not dispute that Appellant, Mr. LeGrand, became ill as a result of consuming the salmonella tainted chicken fajitas. (A4.)

A non-jury trial was held on August 10, 2016 before United States District Judge Malachy E. Mannion. (A4.) On September 6, 2016 Judge Mannion entered an Order finding in favor of Mr. LeGrand, awarding him damages of $2,500.00 against the United States of America. (A3.) Judge Mannion did not award any damages to Mr. LeGrand for the emotional distress and anxiety that Mr. LeGrand experienced as a result of Mr. LeGrand's fear that his abdominal symptoms were due to a permanent injury arising from the salmonella poisoning. (A15-16.)

Appellant timely filed a notice of appeal on November 2, 2016. (A1.)

## V.    <u>STATEMENT OF THE FACTS</u>

Appellant Mr. LeGrand suffered injuries while he was incarcerated at USP Canaan in Waymart, Pennsylvania. On June 25, 2011, Mr. LeGrand was served and consumed salmonella tainted chicken fajitas at the main line noon meal. (A4.) After he consumed the salmonella tainted chicken fajitas, Mr. LeGrand became ill with his symptoms increasing in severity. (A4).

By June 26, 2011, Mr. LeGrand's symptoms were severe. (A5).  He was unable to control his bodily functions and soiled himself. (A5.)  USP Canaan went on lockdown on June 26th due to the widespread outbreak of salmonella poisoning. (A6). A total lockdown was in place for approximately one week. (A6.) During that period Mr. LeGrand and his cellmate were confined to their cell. (A6.) Mr. LeGrand suffered diarrhea and vomiting. (A6.) Mr. LeGrand and his cellmate ran out of toilet paper and used bedsheets and clothing as a substitute for toilet paper. (A6).

Mr. LeGrand continued with symptoms of diarrhea and vomiting through July of 2011. (A7).Mr. LeGrand suffered with continued headaches, stomach pain, and diarrhea, though decreasing in frequency, through August, 2011. (A7-9.)

On July 21, 2011, Mr. LeGrand began complaining of bloating after eating. (A7.) On August 4, 2011, Mr. Legrand complained of the feeling of food sitting in his stomach for hours after he had eaten. (A7-8.)

5

A gastroenterology consult was carried out on August 31, 2011 and Mr. LeGrand was found to be suffering epigastric pain with bloody diarrhea. (A9.) The gastroenterologist recommended and EGD or upper GI study as well as a stool sample and colonoscopy for Mr. LeGrand.  Mr. LeGrand had stool samples that confirmed the salmonella and a colonoscopy but the EGD was not performed. (A9).

Over the ensuing months and years, Mr. LeGrand continued with symptoms of bloating and food sitting in his stomach. (A15.) He also experienced GERD, acid reflux into his esophagus. (A14-15.) The EGD and upper GI study were again ordered on a number of occasions over the ensuing months and years and the study was not carried out. (A15-16.)

Mr. LeGrand feared that the salmonella poisoning had caused a permanent injury to his digestive system. (A15.)

Finally on June 17, 2016, Mr. LeGrand underwent the EGD with findings of a gastroesophogitis, inflammation in his stomach and esophagus, with a hiatal hernia. (A10-11.)

Mr. LeGrand testified that after he received the results of the EGD and knew what was wrong with him, he felt relief from the anxiety and concern that he

6

previously felt when he was concerned that he had suffered a permanent injury as a result of the salmonella poisoning.  (A10-11.)

## VI.    **SUMMARY OF ARGUMENT**

The District Court erred in failing to award damages to Mr. Legrand for emotional distress and anguish he has endured as a result of his fear that the abdominal symptoms and acid reflux he had were the result of a permanent injury arising from actual Salmonella poisoning. The District Court determined that the failure of the Bureau of Prisons to administer an EGD amounted to an inexcusable delay. Nevertheless, the District Court failed to award any damages for emotional distress and anguish. In support of its decision not to award any damages for emotional distress or anguish, the District Court relied upon the conclusion that the physical condition suffered by Mr. Legrand was not caused by the defendant. However, such conclusions fails to take into consideration that the underlying emotional distress was caused by a physical condition caused by the defendant, in the form of salmonella poisoning.

Further, the District Court's verdict and judgment awarding $2,500.00 to Mr. Legrand for damages suffered as a result of the negligent service of chicken fajitias contaminated with salmonella bacteria and the resulting harm to Mr. Legrand, was wholly inadequate.

## VII.  <u>ARGUMENT</u>

**A.    The District Court erred in failing to award damages to Mr. Legrand for emotional distress and anguish he has endured as a result of his fear that the abdominal symptoms and acid reflux he had were the result of a permanent injury arising from actual Salmonella poisoning.**

This Court may exercise plenary review over conclusions of law, examine findings of fact for clear error, and "break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir.1992).

Mr. LeGrand is entitled to recover damages for emotional distress. Mr. LeGrand contends that he is entitled to damages because of the reasonable and foreseeable emotional distress he endured arising out of his ongoing abdominal symptoms that he believed were the result of the salmonella poisoning from which he suffered. After waiting years for appropriate testing to be completed, Mr. LeGrand learned that his symptoms were related to a hiatal hernia, and not the result of the salmonella poisoning. (A10-11.) The District Court found that because the symptoms Mr. LeGrand suffered were not the result of salmonella poisoning, he could not be compensated for emotional distress arising therefrom.(A16.)

The emotional distress and anguish Mr. LeGrand suffered was the direct and proximate result of the negligence of the Defendant. The District Court found that the negligence of the Appellee caused Mr. Legrand to suffer salmonella poisoning.

(A4.) At trial, Mr. Legrand testified that it was the salmonella poisoning that gave rise to the emotional distress during the period in which he was not permitted to undergo an EGD test. (A15.)

Under the law of Pennsylvania, four types of negligent infliction of emotional distress claims are recognized:

1.Situations where the Defendant had a contractual or fiduciary duty toward the Plaintiff.  2.Plaintiff was subjected to a physical impact. 3.The Plaintiff was in the zone of danger thereby  reasonably experiencing a fear of impending physical injury, or, 4. The Plaintiff observed a tortious injury to a close relative. *Toeny v. Chester County Hosp.*, 961 A.2d 192 (Pa. Super 2008).

Unlike in much of the case law involving emotional distress damages and disease, Mr. LeGrand's case is not merely a fear of disease case such as *Doe v. Philadelphia Community Health Alternatives Aids Task Force*, 745 A.2d 25 (Pa. Super 2000) aff'd 564 Pa. 264.  In *Doe* the Plaintiff was tested for HIV, and was told after three tests that he was positive.  Eventually, it was determined that the Plaintiff was not positive.  The Court said there is no compensation for fear of AIDS.  The Court, to a large extent, relied on the determination that there was no physical impact involved in the case.

Similarly in *Lubowitz v. Albert Einstein Med. Ctr.,* another "fear of disease" case, the Pennsylvania Superior Court relied on the lack of physical impact by the

underlying disease as the reason for denying relief. *Lubowitz v. Albert Einstein Med. Ctr.*, N. Div., 424 Pa. Super. 468, 623 A.2d 3 (1993). The plaintiff in *Lubowitz* may have had a rational basis to believe she was exposed to the disease, but was entirely asymptomatic throughout the relevant period.  An important distinction in this case is that throughout the relevant period, Mr. Legrand remained symptomatic of the same exact symptoms that resulted from the underlying disease, namely Salmonella poisoning.

Instead, this case is analogous to *Murphy v. Abbott Lab.*, 930 F. Supp. 1083 (E.D. Pa. 1996), in which the trial court permitted recovery for fear of the underlying disease when the only physical impact was a needle-prick. In *Murphy v. Abbot Lab.,* the plaintiff was stuck by a needle that had been used on a patient known to be both HIV and Hepatitis-B positive. There was no dispute that the plaintiff never contracted either disease. Rather, the plaintiff alleged that the incident caused her to suffer a direct physical injury and the attendant fear for contracting the disease. In determining that the plaintiff had alleged a cause of action for infliction of emotional distress following physical impact, the court determined that the physical impact that gave rise to the fear was sufficient, even if the plaintiff never contracted the disease for which emotional distress damages were claimed.

11

In Mr. LeGrand's case there is clearly a physical impact. As a result of Defendant's negligence, Mr. LeGrand ingested the tainted chicken. (A4). Further causation is established between the negligence of the Appellee with respect to serving Mr. LeGrand tainted chicken, and the emotional distress for which he seeks a recovery. The serving of tainted chicken and the resulting salmonella poisoning, is the only factor that produced the specific emotional distress for which Mr. LeGrand makes a claim herein.(A15.) There is a direct line of events from the service of the tainted chicken to the emotional distress that Mr. LeGrand suffered, and for which he claims damages in this case. Mr. LeGrand suffered from the salmonella poisoning and had been advised that he tested positive for salmonella at the time that he was undergoing abdominal symptoms. (A4-9.) That positive test, together with the fact that Mr. Legrand was symptomatic during the relevant time period, is sufficient to link the emotional distress to the negligence of the Appellee.

Due to an actual physical impact, for which the Appellee was determined to be negligent, Mr. Legrand suffered emotional distress. (A15.) This emotional distress continued following the physical impact due to the failure of Appellee to obtain an EGD test. (A15.) Therefore, unlikely the "fear of disease" cases, there is no question in this case that Mr. Legrand actually had the underlying disease, thus establishing a physical impact.

12

Therefore, since there was a physical impact and the physical impact can be linked to the emotional distress suffered by Mr. Legrand, the District Court erred in failing to award damages for Mr. Legrand's emotional distress. (A109-115.)

**B.    The District Court's verdict and award of damages was inadequate.**

This Court reviews a claim that the verdict was inadequate for a miscarriage of justice or when the verdict,  on the record, cries out to be overturned or shocks our conscience." *Williamson v. Consol. Rail Corp.*, F.2d 1344, 1353 (3d Cir. 1991). The District Court's award of $2,500.00 for Salmonella poisoning of Mr. Legrand by the Appellee was inadequate in this case. In weighing whether a damage award is inadequate, it is the responsibility of an appellate court to review the record before it to determine whether an unjust result would flow from an award that was so grossly inadequate to "shock the conscience" of the court. *See Williams v. Martin Marietta Alumina, Inc.*, 817 F.2d 1030 (3d Cir. 1987)(*quoting Mainelli v. Haberstroh,* 237 F. Supp. 190 (M.D. Pa. 1964)).

Appellate courts may have a special role in reviewing the adequacy of damages awarded in personal injury cases involving prisoners due to the potential for prejudice against prisoners as opposed to civilians in similar situations. *See, e.g. Hill v. Commonwealth, Bureau of Corr.,* 124 Pa. Commw. 172, 555 A.2d 1362 (1989).

13

In the instant matter, the District Court found that Apellee served Mr. Legrand tainted chicken contaminated salmonella and following consumption of that tainted chicken, Mr. Legrand immediately began to suffer symptoms of Salmonella poisoning. (A4-9.) Such symptoms included vomiting, diarrhea, abdominal cramps, bloating, chills, aches, eye irritation and involuntary defecation in front of a cell mate. (A5.) The District Court also found that during a full lockdown of USP Canaan following the Salmonella outbreak, Mr. Legrand ran out of toilet paper and resorted to using and re-using bed sheets. During this lockdown, Mr. Legrand was also denied the opportunity to bathe himself. (A5-6.)

In light of these facts, which the District Court determined to be uncontroverted evidence, the award of $2,500.00 was woefully inadequate and was only nominal in nature. The award by the District Court is the type of damages award that ought to shock the conscience of the appellate court in this case and "stand forth like a beacon" demanding that the injustice of it be overturned.

Since the award of $2,500.00 was nominal in nature and wholly inadequate, it would be proper for this matter to be remanded to the District Court for reconsideration of the verdict and damage award. *See Pryer v. C.O.* 3 Slavic, 251 F.3d 448 (3d Cir. 2001)(prisoner civil rights matter in which trial court held new trial on damages where nominal damages award in first trial were inadequate).

14

Therefore, the damage award of the District Court should be vacated and the case remanded for reconsideration of the damage award.

## VIII. **CONCLUSION**

Appellant respectfully requests that this Court reverse and remand the District Court's September 6, 2016 order for the purpose of determining damages resulting from emotional distress sustained by Mr. Legrand and reconsidering the damages awarded Mr. Legrand following a finding that they are wholly inadequate.

TUCKER ARENSBERG, P.C.

Dated: 4/17/17

By *s/ Stephen M. Greecher, Jr.*
Stephen M. Greecher, Jr., I.D. #36803
Kevin L. Hall, I.D. #311826
2 Lemoyne Dr., Ste. 200
Lemoyne, PA 17043
Telephone:  (717) 234-4121
Facsimile:  (717) 232-6802
sgreecher@tuckerlaw.com
khall@tuckerlaw.com
*Attorneys for Appellant*

## CERTIFICATE OF ADMISSION TO BAR - STEPHEN M. GREECHER, Jr.

STEPHEN M. GREECHER, Jr. certifies as follows:

1.      I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

DATE: April 17, 2017

/s/ Stephen M. Greecher, Jr.
STEPHEN M. GREECHER, Jr. ESQ.

17

## <u>CERTIFICATE OF ADMISSION TO BAR - KEVIN L. HALL</u>

KEVIN L. HALL certifies as follows:


1.      I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.


DATE: April 17, 2017

/s/ Kevin L. Hall        
KEVIN L. HALL, ESQ.

## CERTIFICATE OF COMPLIANCE
## WITH FED. R. APP. P. 32 AND 3D CIR. LAR 32.1(c)

KEVIN L. HALL certifies as follows:

1. This brief complies with the page limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 10,660 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

3. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.


DATE: April 17, 2017

/s/ Kevin L. Hall
KEVIN L. HALL, ESQ.

19

## <u>CERTIFICATE OF IDENTICAL COMPLIANCE OF BRIEFS</u>

KEVIN L. HALL certifies as follows:

1. The text of the electronic and hard copy forms of this brief are identical.

2. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.


DATE: April 17, 2017

/s/ Kevin L. Hall_____
KEVIN L. HALL, ESQ.

## **CERTIFICATE OF VIRUS CHECK**

KEVIN L. HALL certifies as follows:

1. I caused the electronic version of this brief to be checked for computer viruses using Barracuda virus scan software. No computer virus was found.

2. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.


DATE: April 17, 2017

/s/ Kevin L. Hall
KEVIN L. HALL, ESQ.

## CERTIFICATE OF SERVICE

I, Kevin L. Hall, hereby certify that on April 17, 2017, I electronically

mailed the foregoing Appellant's Brief to the following address:

> J. Justin Blewitt, Jr.
> Assistant U.S. Attorney
> Joanne M. Hoffman
> Special Assistant U.S. Attorney
> 228 Walnut Street, 2nd Floor
> PO Box 11754
> Harrisburg, Pa 17108
> Phone: 717-221-4482
> Fax: 717-221-2246
> Justin.blewitt@usdoj.gov

> TUCKER ARENSBERG, P.C.

Dated: 4/17/17

> /s/ Kevin L. Hall
> Stephen M. Greecher, Jr., I.D. #36803
> Kevin L. Hall, I.D. #311826
> 2 Lemoyne Dr., Ste. 200
> Lemoyne, PA 17043
> Telephone: (717) 234-4121
> Facsimile: (717) 232-6802
> sgreecher@tuckerlaw.com
> khall@tuckerlaw.com
> *Attorneys for Appellant*