IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————————

Appeal No.  16-4035

———————————————

JOHN LEGRAND, Appellant

v.

UNITED STATES OF AMERICA, et al.

———————————————

Appeal from the Final Order of September 6, 2016
Entered in 3:12-CV-0743, in the United States District Court
for the Middle District of Pennsylvania

———————————————

BRIEF OF APPELLEE

———————————————

BRUCE D. BRANDLER
UNITED STATES ATTORNEY

J. JUSTIN BLEWITT, JR.
Assistant U.S. Attorney
235 North Washington Avenue
Scranton, PA 18501
(570) 348-2800
Attorneys for Appellee

## TABLE OF CONTENTS

Table of Authorities.................................................................ii

Statement of Subject Matter and
    Appellate Jurisdiction ......................................................1

Statement of Issues Presented for Review ...............................2

Statement of Related Cases and Proceedings ..........................3

Statement of the Case ..............................................................4

Summary of Argument...............................................................7

Standard of Review ...................................................................8

Argument...................................................................................9

I.    The District Court correctly concluded that Legrand was not
    entitled to an award of damages for emotional distress where the
    symptoms he experienced months and years after the salmonella
    outbreak were not caused by salmonella.........................................9

II.    The District Court's damages award was adequate......................15

Conclusion ...........................................................................17

Certificates

i

## TABLE OF AUTHORITIES

### Federal Cases

Anderson v. CONRAIL, 297 F.3d 242 (3d Cir. 2002) ............................. 4

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .................................................... 4

Belcher v. United States, No. 4:03-CV-01252, 2007 WL 2155696 (M.D. Pa. July 25, 2007) .......................................................................... 16, 17

Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ..................................................................................... 4

Brinson v. United States, 634 F. App'x 352 (3d Cir. 2016) ..... 15, 16, 17

City & County of S.F. v. Sheehan , 135 S. Ct. 1765 (2015) ................... 4

Gasperini v. Ctr. for Humanities, 518 U.S. 415 (1996) ......................... 8

Gil v. United States, No. 5:03-cv-198-Oc-10GRJ, 2006 WL 385088 (M.D. Fla. Feb. 17, 2006) ............................................................................... 17

Hershman v. Muhlenberg Coll., 17 F. Supp. 3d 454 (E.D. Pa. 2014) .. 10

Hoggard v. Allstate Ins. Co., No. 05-1127, 2005 WL 6786727 (3d Cir. Dec. 21, 2005) ........................................................................................ 8

Mest v. Cabot Corp., 449 F.3d 502 (3d Cir. 2006) ................................ 10

Montaperto v. Split Rock Resort, 765 F. Supp. 852 (M.D. Pa. 1991) .. 15

Murphy v. Abbott Lab., 930 F. Supp. 1083 (E.D. Pa. 1996) ................ 11

Rhines v. United States, Civil No. 3:12-cv-1601, 2016 WL 3671149
(M.D. Pa. July 11, 2016) ................................................................ 17, 18

St. John v. United States, 240 F.3d 671 (8th Cir. 2001) .................. 8, 17

Tormenia v. First Investors Realty Co., 251 F.3d 128 (3d Cir. 2000) . 16

White v. Napoleon, 897 F.2d 103 (3d Cir. 1990) ..................................... 4

## Federal Statutes

28 U.S.C. § 1291 (2012) ..................................................................... 41, 2

28 U.S.C. § 1331 (2012) ..................................................................... 4, 1

28 U.S.C. § 2671 (2012) ..................................................................... 1, 15

## State Cases

Doe v. Phila. Cmty. Health Alts. Aids Task Force, 2000 Pa. Super. 6,
745 A.2d 25 (2000) ............................................................................... 11

Houston v. Texaco, Inc., 371 Pa. Super. 399, 538 A.2d 502 (1988) ..... 11

Kazatsky v. King David Mem'l Park, 515 Pa. 183, 527 A.2d 988 (1987) ............................................................................................................... 10

Lubowitz v. Albert Einstein Med. Ctr., N. Div., 424 Pa. Super. 468, 623 A.2d 3 (1993) ......................................................................................... 13

Niederman v. Brodsky, 436 Pa. 401, 261 A.2d 84 (1970) .................... 10

Pitt. Nat'l Bank v. Perr, 431 Pa. Super. 580, 637 A.2d 334 (1994) ..... 16

Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979) .................................. 10

Toney v. Chester Cty. Hosp., 614 Pa. 98, 36 A.3d 83 (2011) ........... 9, 11

Toney v. Chester Cty. Hosp., 2008 Pa. Super 68, 961 A.2d 192 (2008). 10

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

John Legrand, an inmate formerly incarcerated at the Canaan United States Penitentiary in Waymart, Pennsylvania (USP Canaan), filed this negligence action against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. Section 2671, et seq. The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

On September 6, 2016, the district court awarded judgment in favor of Legrand. He appealed on November 2, 2016. Doc. 247. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

1

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

**I.**    **Whether the district court properly concluded that Legrand was not entitled to a damage award for emotional distress when the symptoms he experienced were not attributable to salmonella poisoning.**

**II.**    **Whether the district court's award of damages was adequate.**

This is a negligence case arising out of a salmonella-poisoning outbreak that occurred at USP Canaan in June 2011.   The United States conceded liability, and the court held a bench trial on damages. The district court awarded Legrand $2,500 to compensate him for suffering for two to three weeks of salmonella-caused symptoms. Doc. 243.   The court also found that Legrand was not entitled to damages for emotional distress for a physical condition that the United States did not cause.   Id.

2

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Counsel is unaware of any related cases or proceedings completed, pending, or about to be presented to this Court or to any other court or agency.

## **STATEMENT OF THE CASE**

This appeal arises from the district court's award of $2,500 damages to Legrand in a negligence lawsuit.   Legrand claimed he became ill after ingesting salmonella-tainted chicken, and that he suffered symptoms for years, which caused emotional distress until it was determined that those symptoms were not salmonella related.

Factual Background

Legrand fell ill after consuming salmonella-tainted chicken served on June 25, 2011 at USP Canaan.   Doc. 231.   Symptoms of salmonella poisoning include abdominal cramps, fever, nausea, vomiting, diarrhea, and general malaise.   (A92).   The United States did not dispute that Legrand ingested tainted chicken and experienced food poisoning symptoms as a result.   Doc. 231.   As is customary for mild cases of salmonella, Legrand received Tylenol, anti-nausea medication, and hydration to treat his symptoms.   (A85).

Legrand reported symptoms consistent with salmonella poisoning on June 28, 2011; however, at a medical appointment on July 1, 2011, he made no mention of vomiting, diarrhea, abdominal

4

cramps, or fever.    (A85-86).    Legrand did not suffer a dramatic

weight loss during the time he claimed that he was symptomatic.

(A12-13).    On July 21, 2011 and August 4, 2011, Legrand

complained of bloating and indicated he had previously experienced

occasional diarrhea but reported no abdominal pain.    (A88).

Legrand claimed he had been experiencing the bloating and "full-

feeling" for several months prior to his July and August medical

staff encounters.    (A88).    Medical professionals eventually

diagnosed Legrand with acid reflux (GERD).    (A12).    Salmonella

poisoning does not cause GERD.    (A16).

Bureau of Prisons medical professionals provided all

treatment for Legrand's poisoning.    Doc. 231.    Although the

institution was on various forms of lock down for several weeks

following the outbreak, Legrand did not miss work due to

salmonella poisoning symptoms after the lock down was lifted.

(A12).

5

Procedural History

Legrand initially filed suit with six other inmates against six prison officials under <u>Bivens</u> and against the United States under the FTCA.    Doc. 1.    As a result of the entry of earlier orders in the case (Doc. 115, 121, 166), Legrand remained the only plaintiff and the United States the only defendant, (Doc. 198).

The United States did not contest liability, and the court held a bench trial on damages.    (Docs. 238, 213.)    At the conclusion of the trial, the court awarded Legrand $2,500 in damages for the pain, mental distress, embarrassment, humiliation, and loss of the enjoyment of life in varying degrees for two to three weeks after June 25, 2011. (A16).    It did not award any damages for Legrand's alleged emotional distress for GERD because the United States did not cause Legrand's GERD.    (A16).

Legrand filed a timely appeal on November 2, 2016.    Doc. 247.

## **SUMMARY OF ARGUMENT**

The Court should affirm the district court's award of damages. Legrand is not entitled to damages for emotional distress for a condition the United States did not cause.    Further, Legrand was adequately compensated for the length and severity of the symptoms he suffered.

Accordingly, this Court should affirm the district court's order awarding Legrand $2,500 in damages and award the United States its costs on appeal.

## **STANDARD OF REVIEW**

This Court reviews the district court's damages award for clear

error.    Brinson v. United States, 634 F. App'x 352, 353 (3d Cir. 2016).

8

**ARGUMENT**

I.    **The district court properly concluded that Legrand was not entitled to a damage award for emotional distress since the symptoms he experienced were not attributable to salmonella poisoning.**

In addition to seeking compensation from the United States for contracting salmonella poisoning, Legrand also sought damages for "emotional distress and anguish" suffered as a result of his unfounded belief that his GERD symptoms were a permanent injury caused by exposure to salmonella.    Legrand argues that the emotional distress and anguish suffered was the proximate result of the United States' negligence in serving salmonella-tainted chicken and, as such, the district court erred in not awarding him damages for emotional distress. (Appellant's Br. 13-17.)

In this FTCA action, Pennsylvania law applies.    See <u>DeJesus v. U.S. Dep't of Veterans Affairs</u>, 479 F.3d 271, 279 (3d Cir. 2007).    The Pennsylvania Supreme Court has definitively recognized three types of

9

claims for negligent infliction of emotional distress.[1]   Specifically, they are 1) when plaintiff suffered a physical injury which caused the emotional distress (Kazatsky v. King David Mem'l Park, Inc., 515 Pa. 183, 527 A.2d 988, 992 (1987)); 2) when plaintiff was in the zone of danger (Niederman v. Brodsky, 436 Pa. 401, 261 A.2d 84 (1970)); or 3) when plaintiff witnessed an accident which caused serious injury to a close family member (Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979)). See Hershman v. Muhlenberg Coll., 17 F. Supp. 3d 454, 459 (E.D. Pa. 2014).

A successful emotional distress claim under Pennsylvania law must include a physical injury suffered as a result of having been exposed to the traumatic event.   Mest v. Cabot Corp., 449 F.3d 502, 519

---

[1] In Toney v Chester County Hosp., 614 Pa. 98, 36 A.3d 83 (PA 2011), the Pennsylvania Supreme Court considered a possible fourth cause of action for negligent infliction of emotional distress based on the breach of a contractual or fiduciary duty.   However, the supreme court was equally divided on that issue and it remains unresolved before the supreme court.

(3d Cir. 2006); <u>see</u> <u>also</u> <u>Toney</u> <u>v. Chester Cty. Hosp.</u>, 2008 Pa. Super 268, 961 A.2d 192, 200 (2008), <u>aff'd</u>, 614 Pa. 98, 36 A.3d 83 (2011).

Only where the negligence "inflicts a direct physical injury" have courts "allowed recovery for the purely mental distress accompanying it." <u>Murphy v. Abbott Labs.</u>, 930 F. Supp. 1083, 1085 (E.D. Pa. 1996). One who alleges negligent infliction of emotional distress "must suffer *immediate and substantial* physical harm." <u>Doe v. Philadelphia Cmty.</u> <u>Health Alternatives AIDS Task Force</u>, 2000 Pa. Super 6, 745 A.2d 25, 28 (2000), <u>aff'd</u>, 564 Pa. 264, 767 A.2d 548 (2001) (emphasis added). A condition manifested only as a "transitory, non-recurring" mental or emotional problem will not suffice. <u>Houston v. Texaco, Inc.</u>, 371 Pa. Super. 399, 405, 538 A.2d 502, 505 (1988).

Legrand appears to rely on the "physical impact" rule to argue that ingesting salmonella tainted chicken was the physical impact necessary to link his emotional distress to the United States' negligent act. (Appellant's Br. pp. 15-17.) Under Pennsylvania law, Legrand is

11

no longer required to show "physical impact" to make a negligent

infliction claim; however, his argument still lacks merit.[2]

Legrand testified that after receiving the results of a negative

salmonella test, "he was relieved." (A60, 61.) Legrand also testified

that he was "scared" and "worried" that the bloating in his stomach was

the result of a permanent injury caused by the salmonella and that the

bloating started after the salmonella outbreak. (A61, 62, 66-67.) The

record further reflects, however, that Legrand reported that the

symptoms that had him "scared" and "worried" had been going on for

"several months" prior to the outbreak. (A88.)

It is evident from the record that the United States did not cause

Legrand to suffer an "immediate and physical injury" resulting in

bloating and a feeling of fullness occurring several months prior to the

salmonella outbreak. Assuming arguendo that the Court relies on

Legrand's alternate version of events -- that his bloating began after the

---

[2] In the Toney case referenced above, the Pennsylvania Supreme
Court held that "recovery for NIED claims does not require a
physical impact." Toney, 614 Pa. at 99, 123.

outbreak and that despite a GERD diagnoses he still claimed "worry" --

Legrand's "emotional distress" was nothing more than a "transitory,

non-recurring" mental or emotional problem that will not suffice to

allow an award of damages.

The record also reflects that the symptoms Legrand complained of

-- bloating and feeling like food sits in the stomach -- are not symptoms

of salmonella poisoning but of GERD which Legrand had been

diagnosed with within two months after the salmonella outbreak.

(A11.)   Thus, Legrand's claim in his brief that he was "symptomatic of

the same exact symptoms" (Appellant's Br. p. 15) is belied by the record.

Legrand relies on several cases to bolster his position that his fear

of permanent disease after ingesting salmonella is a compensable form

of emotional distress.   Initially, Legrand relies on Lubowitz v. Albert

Einstein Med. Ctr., N. Div., 424 Pa. Super. 468, 472, 623 A.2d 3, 5

(1993). In Lubowitz, a doctor negligently informed parents participating

in an in vitro fertilization process that the placental blood used in the

process had been tainted with the virus that causes AIDS.   The court

found that the factual issues regarding the parents' actual physical

13

harm were irrelevant where symptoms were not caused by the AIDS virus itself, and that the parents were not entitled to compensation. Legrand attempts to distinguish <u>Lubowitz</u> by arguing that he is entitled to damages because he "remained symptomatic of the same exact symptoms that resulted from the underlying disease."  (Appellant's Br. pp. 14-15.)

The record, as evidenced by the district court's finding that Legrand's physical condition was not caused by the United States, does not support this contention.   (A16.)   Specifically, the district court found that salmonella does not cause GERD because GERD affects the <u>upper</u> intestinal tract and salmonella affects the <u>lower</u> intestinal tract. (A16.)   Because the <u>Lubowitz</u> symptoms were not caused by AIDS, emotional distress damages were not available. Similarly, Legrand is not entitled to emotional distress damages for symptoms not caused by the United States.

Based on the record before the Court, it is clear that the only "evidence" of distress is Legrand's own allegation that it existed.   The record is replete with information discounting the validity and cause of

14

his alleged physical symptoms.    Thus, Legrand is not entitled to emotional distress damages for symptoms the United States did not cause.

## II.    The district court's award of damages was adequate.

A court of appeals should not disrupt a district court's damage award absent "'a firm conviction that the damages award was so inadequate as to warrant interference on the appellate level.'"    Brinson v. United States, 634 F. App'x 352, 353 (3d Cir. 2016) (internal citations omitted).    Where the court has the responsibility to calculate the damage saward and does so, the award must not deviate "from a discernibly 'normal' award in comparable cases".    Tormenia v. First Inv'rs Realty Co., 251 F.3d 128, 138 (3d Cir. 2000).

Because Legrand is a federal inmate, his illness did not cause him to incur any medical expenses, lost wages, or other special damages. His recovery is limited to his intangible damages for pain and suffering. See Brinson, 634 F. App'x at 353.

15

In an undeniably comparable case, a fellow inmate of Legrand,
who also suffered salmonella symptoms at USP Canaan in June 2011,
similarly received a damage award.    Brinson v. United States, supra;
Belcher v. United States, 2007 WL 2155696 (M.D. Pa. 2007).    Brinson is
one of three cases to come to trial in the aftermath of the salmonella
outbreak.    After hearing testimony from Brinson, the district court
awarded him damages of $350.00 based on an award of $50.00 per day
for three days of salmonella symptoms.    Id.    This Court affirmed that
award, concluding that the district court did not clearly err in its
$350.00 award calculation.    Brinson, 634 Fed. App'x 352.

Similarly, in the only other case to come to trial involving the
salmonella outbreak, another inmate was awarded $3,000 for varying
degrees of salmonella symptoms spanning three weeks.    Rhines v.
United States, Civ. No. 3:12-cv-1601, 2016 WL 3671149 (M.D. Pa. July
11, 2016) (Caputo, J.).    In this case, Legrand's $2,500 award was in
harmony with cases which are not only comparable to Legrand, but
indeed arose out of the same incident.    Thus, the district court's
damages award was adequate and should not be disturbed.

16

## **CONCLUSION**

For the reasons set forth herein, the United States requests that this Court affirm the district court's September 6, 2016 order awarding Legrand $2,500 in damages and award the United States its costs on appeal.

Respectfully submitted

BRUCE D. BRANDLER
UNITED STATES ATTORNEY

BY:  /s/ J. Justin Blewitt, Jr.
J. JUSTIN BLEWITT, JR.
ASSISTANT U.S. ATTORNEY
PA Bar No. 1710
U.S. Attorney's Office for the
Middle District of Pennsylvania
235 N. Washington Avenue, Suite 311
Scranton, PA 18503
570-348-2800
justin.blewitt@usdoj.gov

## CERTIFICATE OF COUNSEL

I, J. Justin Blewitt, Jr., certify that I am a member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

/s/ J. Justin Blewitt, Jr.
J. JUSTIN BLEWITT, JR.
ASSISTANT U.S. ATTORNEY

## IDENTICAL PDF & HARD COPY CERTIFICATE

The undersigned hereby certifies that the PDF file and Hard Copies of this brief are identical.

/s/ J. Justin Blewitt, Jr.
J. JUSTIN BLEWITT, JR.
ASSISTANT U.S. ATTORNEY

## VIRUS SCAN CERTIFICATE

This brief has been automatically scanned during preparation and upon sending by the following virus detection programs: OfficeScan, Check Point Firewall, and Check Point FDE, and no viruses were detected.

/s/ J. Justin Blewitt, Jr.
J. JUSTIN BLEWITT, JR.
ASSISTANT U.S. ATTORNEY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 30th day of May, 2017, she served a copy of the attached:

## BRIEF OF APPELLEE

via Electronic Case Filing and that Stephen M. Greecher, Jr. Esquire and Kevin L. Hall, Esquire, attorneys for Appellant are Filing Users under the ECF system.   Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all Filing Users associated with this case.   Electronic Service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the Filing User is required.

/s/ Teresa Finegan
Teresa Finegan
Legal Assistant